UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANA MELGAREJO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1847-B |
| | § | |
| 24 HOUR PROFESSIONAL | § | |
| JANITORIAL SERVICES, LP and | § | |
| ROLAND MORRIS MILLER III, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Having considered Defendants' Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and Plaintiff's Response thereto, for the following reasons, the Court **DENIES** Defendants' Motion (doc # 12) in its entirety. However, the Court independently finds that the Complaint should be dismissed unless Plaintiff can plead that it has exhausted its administrative remedies with respect to timely filing a charge of discrimination with the appropriate local or state authority or with the EEOC. Plaintiff is allowed ten (10) days from the date of this Order to amend its Complaint or its Complaint will be dismissed with prejudice to its refiling. Defendant shall answer or otherwise respond to any Amended Complaint within twenty (20) days of service of such Complaint.

BACKGROUND

The Court takes its factual account from the Plaintiff's Original Complaint filed on November 6, 2007. In November 2005, Defendants 24 Hour Professional Janitorial Services, LP

("24 Hour") and Mr. Roland Miller ("Miller")[1] hired Plaintiff Ms. Juana Melgarejo ("Melgarejo") as the personal housekeeper for Defendant Miller's residence. (Compl. ¶¶ 6-7). Melgarejo was paid by Defendant 24 Hour to clean Defendant Miller's home on an almost daily basis. (Compl. ¶¶ 7-8). Within a couple of months of beginning her employment, Melgarejo began experiencing unwanted sexual advances from Defendant Miller. (Compl. ¶ 8). One incident occurred in January 2006 in which Miller entered a room naked while Melgarejo was cleaning that room. (Compl. ¶ 9). Similar instances continued in which Miller would ask Melgarejo to come clean a room in which he stood naked or would expose himself while she was cleaning. (Compl. ¶¶ 10, 14)

Miller's behavior escalated in late January or early February 2006 when he asked Melgarejo to accompany him to a house he planned to purchase, which she would be responsible for cleaning. (Compl. ¶ 11). After being at the vacant house for several minutes, Miller summoned Melgarejo to the bathroom where he forced her face down to his genitals. (Compl. ¶ 12). Miller then ejaculated on Melgarejo's face and in her mouth. (*Id.*). In late February 2006, back at his own house, Miller repeated his behavior–asking Melgarejo to come into a room where he was naked, forcing her onto her knees, and ejaculating onto her face and in her mouth. (Compl. ¶ 15). This behavior was repeated again in late March 2006 on Miller's boat, where he again forced Melgarejo onto her knees and ejaculated on her. (Compl. ¶ 17). After each incident, Melgarejo immediately fled the area where Miller was. (Compl. ¶¶ 10, 12, 15, 17). At one point, Melgarejo also threatened to tell Miller's wife about his behavior. (Compl. ¶ 14).

---

[1] Defendants are both residents of Rockwall County, Texas.

The day after the incident on Miller's boat, Miller's wife informed Melgarejo that she would only be employed part-time from that day forward. (Compl. ¶ 18). A few days later, Melgarejo was told by Miller, via phone, that she was terminated. (Compl. ¶ 19). Melgarejo accused Miller of retaliation during that phone call. (*Id.*). Miller later offered to pay Melgarejo for his actions, if she would sign a release. (Compl. ¶ 20, 23). Payment was never made and a release was never signed. (*Id.*).

On November 6, 2007, Melgarejo filed suit against Defendants alleging violations of federal statute 42 U.S.C. §§2000e-2 and 2000e-3 and state law claims of assault and battery and intentional infliction of emotional distress. After being the subject of a motion for default judgment, Defendants were given leave to answer or respond out of time and filed the instant motion to dismiss, ostensibly under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).[2]

## LEGAL ANALYSIS

<u>Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)</u>

A complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has

---

[2] Although Defendants caption their Motion as based in part on Fed. R. Civ. P. 12(b)(2), Defendants make no argument and provide no evidence that the Court does not have personal jurisdiction over them. "On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except as controverted by the defendants' affidavits, must be taken as true." *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir. 1982). Plaintiff has alleged that Defendants are residents of Rockwall County, and Defendant submitted no affidavits to the contrary. The Court takes judicial notice that Rockwall County is entirely within this District and thus finds that it has personal jurisdiction over the Defendants.

subject matter jurisdiction over civil actions involving a federal question or diversity of citizenship. 28 U.S.C. § 1331-1332. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984).

The Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss based solely on the pleadings, the motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *see also Johnson v. Hous. Auth. of Jefferson Parish*, 442 F.3d 356, 359 (5th Cir. 2006). A 12(b)(6) motion to dismiss should be granted only if it does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

<u>Defendants' Alleged Grounds For Dismissal Under Rule 12(b)(1)</u>

Defendants' Motion to Dismiss misapprehends the federal laws against sexual harassment in the workplace. Defendants argue that Plaintiff's Complaint under 42 U.S.C. § 2000e-2 should be dismissed because Title VII, according to Defendants, only covers claims where the Plaintiff is a member of a protected class and was replaced by someone outside the class or less favorably treated than another employee outside the class.[3] Defendants further argue that there were no other employees and thus, Plaintiff could not possibly have been discriminated against by an employer.

---

[3] The cases cited by Defendant are wholly irrelevant, as they do not deal with allegations of sexual harassment as the factual basis for an alleged violation of 42 U.S.C. § 2000e-2 or e-3.

The Court rejects all of Defendants' arguments as patently incorrect.

Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may establish a Title VII violation by proving that sex discrimination has created a hostile or abusive work environment. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). "The Fifth Circuit has established five elements necessary to state a prima facie case of sexual harassment:

(1) [t]he employee belongs to a protected group ...;

(2) [t]he employee was subject to unwelcome sexual harassment, i.e. sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee;

(3) [t]he harassment complained of was based upon sex ...;

(4) [t]he harassment complained of affected a "term, condition or privilege of employment," i.e., the sexual harassment must be sufficiently severe as to alter the conditions of employment and create an abusive working environment; [and]

(5) [r]espondeat superior, i.e., that the employer knew or should have known of the harassment in question and failed to take prompt remedial action."
*Waltman v. Int'l Paper Co.*, 875 F.2d 468 (5th Cir. 1989).

Plaintiff has pled facts sufficient to state a claim under each of the elements enunciated by the Fifth Circuit. First, Plaintiff is a woman, and therefore is a member of a protected class. *Joshi*

*v. Fla. State Univ.*, 646 F.2d 981, 990 (5th Cir. 1981). Second, Plaintiff has alleged many instances in which Defendant Miller exposed himself to her and many instances in which Defendant Miller also touched her with his genitals and ejaculated on her. Plaintiff also alleged that those occasions were unwelcomed, unwanted by Plaintiff, and highly offensive to her. Third, Defendant Miller's sexual acts were clearly occasioned by the fact that Plaintiff is a woman. As the Fifth Circuit has noted, "except in the…atypical case of a bisexual supervisor, it should be clear that sexual harassment is discrimination based upon sex." *Jones v. Flagship Int'l*, 793 F.2d 714, 720 n. 5 (5th Cir. 1986). Fourth, a supervisor's unwanted exposure of his genitals and, particularly, his forcing of an employee to touch them and come into contact with his bodily fluids are sufficient allegations that an objectively and subjectively hostile or abuse environment has been created. Fifth, Plaintiff has alleged that Defendant Miller was the President of Defendant 24 Hour and that he both hired and fired her. That allegation is sufficient to satisfy the element of respondeat superior. "An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998). With all five elements pled, the Court finds that the Complaint includes allegations sufficient to state a claim under 42 U.S.C. § 2000(e)-2.

Defendants also argue that Plaintiff's retaliation claim under 42 U.S.C. § 2000e-3 cannot stand, because Plaintiff has purportedly not stated any claims that amount to "unlawful employment practices." Defendants' argument against the retaliation claim rises and falls based on whether the Court finds that Plaintiff has stated a claim under 42 U.S.C. § 2000e-2, which it does. As discussed herein, it is clear that Plaintiff has stated a claim under federal law. To establish a case of retaliatory

discharge under § 2000e-3, a plaintiff must demonstrate (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link between participation in the protected activity and the adverse employment decision exists. *Shirley v. Chrysler First Inc.*, 970 F.2d 39, 42 (5th Cir. 1992). The facts supporting Plaintiff's claim for sexual harassment are sufficient to allege that she engaged in activity protected by Title VII, as she was subject to continued unwanted sexual advances and touching by her employer. Plaintiff has also pled that she was first demoted to part-time status and was terminated shortly thereafter, after months of being subjected to Defendant Miller's behavior. Plaintiff's allegations of her own complaints to Miller and her statements to him that she would tell Defendant Miller's wife about his behavior are sufficient to state a causal link between her refusal of Defendant Miller's advances and her subsequent demotion and termination. Thus, the Court also finds the pleadings sufficient to staisfy each element necessary to state a claim under 42 U.S.C. § 2000e-3.

For the reasons discussed above, the Court finds that Plaintiff has stated a claim under federal laws 42 U.S.C. §§ 2000e-2-3.[4] As such, the Court has subject matter jurisdiction over this matter and therefore denies Defendants' Motion to Dismiss under Federal Rule 12(b)(1) in its entirety. 28 U.S.C. §1331. To the extent that Defendants' Motion to Dismiss can be read to argue that the Court has no jurisdiction to hear the state law claims pled against Defendant Miller, the Court disagrees and denies the Motion. As alleged, the state claims are clearly related to the federal

---

[4]Because the analysis of the denial of Defendants' 12(b)(1) Motion utilizes the same rubric as a 12(b)(6) Motion, Defendants' 12(b)(6) Motion (which does not raise any grounds not addressed regarding the 12(b)(1) Motion) is denied on the bases discussed above.

claims, such that the Court could exercise pendant jurisdiction under 28 U.S.C. § 1367. In the event that Plaintiff is able to amend its Complaint to address exhaustion of administrative remedies, as discussed below, the Court will exercise supplemental jurisdiction over the state law claims for assault and battery and intentional infliction of emotional distress.

Administrative Exhaustion

Although Defendants have raised certain grounds for dismissal under Rules 12(b)(1) and 12(b)(6), which have been denied, the Court notes that it is authorized to consider the sufficiency of the Complaint *sua sponte*. *Lozano v. Ocwen Federal Bank, FSB,* 489 F.3d 636, 642 (5th Cir. 2007); *Guthrie v. Tifco Indus., Inc.*, 941 F.2d 374, 379 (5th Cir. 1991). A court can dismiss a complaint for failure to state a claim as long as the plaintiff has been given notice and an opportunity to respond to the court's reasons for dismissal. *Id.*

Title VII requires that parties exhaust administrative remedies before instituting suit in federal court. 42 U.S.C. § 2000e-5(e). "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir 1998). A plaintiff must file a charge within the statutory time period or a later suit is barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Plaintiff does not allege that it filed a charge with the EEOC at all, much less that it did so within 300 days of learning of the conduct alleged. Plaintiff also does not allege that it filed a charge with the State of Texas through any work sharing agreements between the State and the EEOC.

Although Defendants did not raise the issue of administrative exhaustion, it is well-settled that courts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies. *Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. Of San Antonio, Tex.*, 40 F.3d 698, 711 (5th Cir. 1994); *Tolbert v. U.S.*, 916 F.2d 245, 247-48 (5th Cir.1990) (per curiam). Thus, unless the Plaintiff can at least allege, with sufficient specificity, that it exhausted its administrative remedies, its federal claims under 42 U.S.C. §§ 2000e-2 and e-3 against Defendant 24 Hour are legally barred. The Court will therefore dismiss those claims with prejudice. Without a live federal claim against either Defendant, the Court will decline to exercise jurisdiction under 28 U.S.C. § 1367(c)(3) over the state law claims pled by Plaintiff against Defendant Miller. Therefore, the Court will dismiss the state claims as well. The Court's dismissal of all claims is conditioned on Plaintiff's failure to amend its complaint, as it is invited herein to do, to allege that it has complied with 42 U.S.C. § 2000e-5(e).

## CONCLUSION

For the reasons detailed above, the Court denies Defendants' Motion to Dismiss in its Entirety. However, the Court independently finds that the Complaint should be dismissed unless Plaintiff can plead that it has exhausted its administrative remedies with respect to timely filing a charge of discrimination with the appropriate local or state authority or with the EEOC. Plaintiff is allowed ten (10) days from the date of this Order to so replead or its Complaint will be dismissed with prejudice to its refiling. Defendant shall answer or otherwise respond to any Amended Complaint within twenty (20) days of service of such Complaint.

SO ORDERED.

DATED: April 8, 2008

                                                                   _____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE