UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANA MELGAREJO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 07-CV-1847-B |
| | § | |
| 24 HOUR PROFESSIONAL JANITORIAL | § | |
| SERVICES, and | § | |
| ROLAND MORRIS MILLER III | § | |
|     Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the question of whether a libel claim stemming from a plaintiff's Original Complaint is barred as a matter of law. Defendants 24 Hour Professional Janitorial Services ("24 Hour") and Roland Morris Miller III's ("Miller") filed a counterclaim alleging defamation based on Plaintiff Juana Melgarajo's filing of the Original Complaint. Plaintiff moves to dismiss that counterclaim, arguing that it is barred as a matter of law. The precise motion before the Court is Plaintiff's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)(Doc. 20). Having considered the motion, the Court finds that there exists an absolute privilege to statements made in the course of judicial proceedings, and therefore the Court GRANTS the motion. Defendants' Counterclaim is DISMISSED as follows.

### I. Background

The factual background of this case is familiar territory at this juncture in the proceedings. In November 2005, Defendants hired Plaintiff to serve as Miller's housekeeper. (Compl. ¶¶ 6-7). Plaintiff alleges that soon after being hired, Miller began exhibiting sexually harassing behavior to her. (*Id.* at ¶ 8). Plaintiff's Complaint details those sexual advances. (*Id.*

at ¶ 8-10, 12, 14-15, 17). Defendants deny all of Plaintiff's claims of sexual harassment and maintain that no sexual relations occurred during the time of her employment. (Countercl. ¶ 8-10, 12, 14-15, 17).

Plaintiff brought suit in this November 6, 2007 claiming sexual harassment, retaliation, assault and battery, and intentional infliction of emotional distress. (Compl. ¶ 25-41). Defendants answered and counterclaimed for damages, alleging that Plaintiff 1) "attempt[ed] to extort money from the Defendants," 2) "intentionally damag[ed] the character and reputation of the Defendants" through Plaintiff's Original Complaint, 3) defamed them by "filing false and erroneous reports of crime to the police," and 4) defamed them by "filing false and erroneous reports to the Texas Workforce Commission." (Countercl. ¶ 54). Plaintiff moved to dismiss these counterclaims under Federal Rule of Civil Procedure 12(b)(6) as barred as a matter of law. (Pl.'s Mot. to Dismiss). Parties filed a Stipulation of Dismissal on July 24, 2008 to withdraw three of these counterclaims, leaving only the claim of libel in the Original Complaint to be decided by this 12(b)(6) motion. (Stipulation).

## II. Legal Standard

A 12(b)(6) motion to dismiss is disfavored and rarely granted. *Ramirez v. Walker*, 199 F. App'x 302, 306 (5th Cir. 2006) (citing *Lowrey v. Texas A&M University*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint should be liberally construed in the favor of the non-moving party and the court must determine whether the complaint states any valid claim for relief whenever viewed in the light most favorable to the non-moving party and with every doubt resolved on their behalf. *Id.* A 12(b)(6) motion will only succeed whenever it can be shown that the opposing party did not present "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). A claim cannot simply be conceivable, but must be "nudged . . . across the line from conceivable to plausible." *Id.*

### III. Analysis

Defendants allege that Plaintiff intentionally damaged the character and reputation of the Defendants by stating certain allegations in her Original Complaint. Damage to a person's character or reputation is covered under the law of defamation. 50 Am. Jur. 2d *Libel and Slander* § 2 (2008) ("The gravamen or gist of an action for defamation is damage to the plaintiff's reputation." (footnotes omitted)). There are two types of defamation: libel and slander. *Alaniz v. Hoyt*, 105 S.W.3d 330, 345 (Tex. App. – Corpus Christi 2003, no pet.); 50 Tex. Jur. 3d *Libel and Slander* § 4 (2008). "Libel is defamation published by means of writing . . . or anything that is the object of sight [whereas] [s]lander is defamation without legal excuse, published orally." 50 Tex. Jur. 3d *Libel and Slander* § 4 (2008). "[T]he main distinction [between the two] is in the manner of publication." *Id.* Defendants cannot succeed on a slander cause of action because there are no allegations that any of the statements made in Plaintiff's Original Complaint were also published orally. Because Plaintiff's Complaint was written, Defendants' cause of action is most accurately considered as a libel claim.

Plaintiff argues that she cannot be sued for defamation of character because there is an absolute privilege from such suits whenever the basis for that claim arises out of judicial proceedings. The Court agrees that a cause of action for defamation of character based merely on the filing of a Complaint is barred in Texas as a matter of law. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942). Libel suits based on statements made in pleadings or otherwise in the course of a judicial proceeding are not allowed under Texas law due to an

absolute privilege that protects the party from suits surrounding their judicial statements.  *Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999); *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982); *Reagan*, 166 S.W.2d at 912; *Jenevein v. Friedman*, 114 S.W.3d 743, 745-46 (Tex. App. – Dallas 2003, no pet.).  This absolute privilege is more appropriately defined as a form of immunity.  *Shanks*, 169 F.3d at 992; *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 768 (Tex. 1987).  The immunity from libel is absolute, and a libel claim cannot arise from statements made in judicial proceedings even if those statements are irrelevant to the matter at hand.  *Reagan*, 166 S.W.2d at 912; *Montemayor v. Ortiz*, 208 S.W.3d 627, 654 (Tex. App. – Corpus Christi 2006, pet. denied); *Darrah v. Hinds*, 720 S.W.2d 689, 691 (Tex. App. – Fort Worth 1986, writ ref'd n.r.e.); *but cf. Jenevein*, 114 S.W.3d at 746-48 (stating that although a defamatory statement is given immunity even if it is irrelevant to the proceedings, it must bear "some relation" to the proceedings).  Furthermore, this immunity extends even to false or malicious statements directed at the opposing party.  *Attaya v. Shoukfeh*, 962 S.W.2d 237, 241 (Tex. App. – Amarillo 1998, pet. denied); *see also Reagan*, 166 S.W.2d at 912 ("The falsity of the statement or the malice of the utterer is immaterial . . . .").  The underlying motive to the statements in the pleading is immaterial.  *See Attaya*, 962 S.W.2d at 241 ("[A]bsolute immunity means absolute (*i.e.*, pure, perfect, complete, whole).").

Defendants allege that Plaintiff is guilty of "intentionally damaging the character and reputation of the Defendants" through her Original Complaint with this Court.  The Court has recognized that this is a libel claim, because Plaintiff's Complaint is a defamatory statement published by means of writing.  50 Tex. Jur. 3d *Libel and Slander* § 4 (2008).  Her statements are clearly in the course of judicial proceeding, and they are directly related to the case at hand.

*Reagan*, 166 S.W.2d at 912. Thus, Plaintiff's allegations are given absolute immunity, and the Plaintiff cannot be sued for libel because of them. Therefore, Defendants have not and cannot state a claim for libel that is plausible on its face. *Twombly*, 127 S. Ct. at 1960.

## IV. Conclusion

For the reasons thus stated, the Court GRANTS Plaintiff's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)(Doc. 20). Defendants' Counterclaim is hereby dismissed with prejudice.

**SO ORDERED**

**DATED: August 7, 2008**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE