UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANA MELGAREJO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 07-CV-1847-B |
| | § | |
| 24 HOUR PROFESSIONAL JANITORIAL | § | |
| SERVICES, and | § | |
| ROLAND MORRIS MILLER III | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Having considered Plaintiff Juana Melgarejo's ("Melgarejo") Motion for Sanctions (doc #23) based on Defendants' filing of allegedly legally unavailable counterclaims and Defendants 24 Hour Professional Janitorial Services ("24 Hour") and Roland Morris Miller III's ("Miller") (collectively, "Defendants") Response thereto, the Court finds the Motion meritorious and it is hereby GRANTED as follows.

## BACKGROUND

Plaintiff brought suit against Defendants on November 6, 2007 alleging violations of federal statutes 42 U.S.C. §§2000e-2 and 2000e-3 and state law claims of assault and battery and intentional infliction of emotional distress. Having been properly served with the suit, Defendant failed to respond in accordance with the Federal Rules and the Clerk of the Court entered a default against them. (Doc #8). Upon Defendants' Motion, the Court later set aside the default and Defendants filed their first Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). (Doc #12). The Court found the Motion completely lacking in merit and denied it in its entirety. (Doc #14). However, the Court also found that the Complaint lacked allegations of

administrative exhaustion necessary to establish the Court's jurisdiction over this matter and ordered Plaintiff to add those allegations, if she could. Plaintiff filed her first Amended Complaint on the following day with the only change from her Original Complaint being the addition of the administrative exhaustion allegations. (Doc #15). Instead of answering, Defendants regurgitated their previous Motion to Dismiss and again moved again for a dismissal of the claims under 12(b)(1), 12(b)(2), and 12(b)(6) using the exact reasoning which the Court had already rejected in toto. (Doc #16). The following day, the Court denied that Motion, recognizing that it was a "virtually verbatim repetition of their previous Motion to Dismiss" and cautioned Defendants against "filing any further frivolous motions, asserting positions that are entirely unsupported by legal authority, or otherwise acting to delay these proceedings." (Doc #17).

Defendants then filed their Answer and Counterclaim. (Doc #18). Defendants asserted four counterclaims alleging that Plaintiff: (1) "attempt[ed] to extort money from the Defendants," (2) "intentionally damag[ed] the character and reputation of the Defendants" by making the allegations contained in Plaintiff's Original Complaint, (3) defamed them by "filing false and erroneous reports of crime to the police," and (4) defamed them by "filing false and erroneous reports to the Texas Workforce Commission." (*Id.* at ¶ 54). Finding these claims baseless as a matter of law, Plaintiff prepared a Motion to Dismiss, and sent it to Defendants' counsel on May 6, 2008 asking Defendants to withdraw the claims to avoid Plaintiff having to file her Motion to Dismiss. (Ex. B to Pls.' Mot. For Sanctions). At that time, Plaintiff also provided Defendants' counsel with a copy of the instant Motion for Sanctions in accordance with Federal Rule of Civil Procedure 11. (*Id.*). Plaintiff requested that the counterclaims be withdrawn before the deadline for her to file her response to them on May 21, 2008. Defendants did not inform Plaintiff whether they would

withdraw the counterclaims prior to May 22, 2008. (Ex. D to Pls.' Mot. For Sanctions).

On May 22, 2008, in a Status Report filed with the Court, Defendants agreed to dismiss all of their counterclaims except the claim of libel for statements made in Plaintiff's Original Complaint. (*Id.* and Doc #22). Defendants took no action to actually drop their claims prior to the Court issuing a Show Cause Order after Defendants missed the deadline by which they were to amend pleadings. (Doc #26). The parties filed a Stipulation of Dismissal on July 24, 2008 with Defendants withdrawing all of the counterclaims except for libel. (Doc #27). The Court then dismissed the libel counterclaim on August 7, 2008 finding it clearly barred as a matter of law by the litigation privilege for statements made in the course of judicial proceedings. (Doc #28).

The Court now considers Plaintiff's request that sanctions be imposed upon Defendants for filing unwarranted and frivolous counterclaims. Defendants provide no argument concerning why they should not be sanctioned for bringing the extortion counterclaim, for which they "concede that the statute of limitation has lapsed." Pls.' Resp. To Mot. For Sanctions at 1. Nor do Defendants argue why they should not be sanctioned for bringing defamation claims based on the filing of police reports and reports with the Texas Workforce Commission--claims they have now dropped. Defendants' only argument against sanctions is that their claim of libel is an element of a continuing plan of extortion and is therefore not barred by privilege. The Court rejected that argument in its Order on Plaintiff's Motion to Dismiss finding Plaintiff's statements protected as a matter of law.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 11(b), by presenting any pleading to the Court an attorney certifies that to the best of his knowledge and after reasonable inquiry, "the claims [therein]...are warranted by existing law or by a nonfrivolous argument for extending current law."

Fed. R. Civ. P. 11(b). While "Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," it is intended to ensure that the legal system is not abused by parties and counsel acting unethically. Adv. Comm. Notes to 1983 Amendment of Fed. R. Civ. P. 11(b); *Merriman v. Sec. Ins. Co. of Hartford*, 100 F.3d 1187, 1193-94 (5th Cir. 1996) (affirming sanctions against firm for advancing a number of claims clearly barred by the stature of limitations). In determining whether Rule 11(b) has been violated, the court uses an objective standard of reasonableness focusing upon the instant when counsel signs the pleading presented to the court. *United States v. Alexander*, 981 F.2d 250, 252 (5th Cir. 1993). At that moment, if "a reasonable amount of research would have revealed to the attorney that there was no legal foundation for the position taken," Rule 11 has been violated. *Jordaan v. Hall*, 275 F. Supp.2d 778, 787-88 (N.D. Tex. 2003) (sanctioning counsel for filing a complaint that "an objectively reasonable attorney would have recognized" was legally barred) (internal citation omitted); *see also Smith v. Our Lady of the Lake Hospital, Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) (noting that although an attorney "need not provide an absolute guarantee of the correctness of the legal theory advanced in the paper he files…[he] must certify that he conducted reasonable inquiry into the relevant law.").

"There are no longer any free passes for attorneys and litigants who violate Rule 11. Once a violation of Rule 11 is established, the rule mandates the application of sanctions." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876 (5th Cir. 1988) (en banc). The least severe sanction adequate to the purpose should be utilized by the court. *Id.* at 878. The Fifth Circuit has repeatedly affirmed district courts' findings that the imposition of reasonable attorneys' fees and costs is the least severe sanction appropriate for wholly frivolous lawsuits. *Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *Granader v. McBee*, 23 F.3d 120, 124 (5th Cir. 1994).

## ANALYSIS

A review of Defendants' counterclaims reveals that they were all unwarranted by existing law when filed. In fact, after filing and maintaining the claim, Defendants now concede that their extortion claim is barred by the statute of limitations. Defendants also dismissed their defamation claims based on statements made in police reports and to the Texas Workforce Commission. However, those claims were unwarranted when filed as well. Tex. Lab. Code § 301.074; Tex. Civ. Prac. & Rem. Code § 16.002(a). Defendants do not argue that these claims were warranted when filed, nor do they argue that existing law should have been existed or modified to allow such claims. As such, Defendants' counsel's filing of these claims was a violation of Rule 11(b)(2).

With respect to Defendants' only argument against sanctions, the Court has already squarely rejected the idea that the allegations made by Plaintiff in her Original or Amended Complaints are not protected by the litigation privilege. (Doc #28). Defendants' latest subjective belief that the litigation privilege should not apply because they are in a unique situation where Plaintiff is committing extortion by exercising her legal right to bring claims against Defendants is fanciful at best and unsupported by any authority or logic.[1] A subjective belief that a legal position is viable does not satisfy Rule 11. *Alexander*, 981 F.2d at 252.

As the Court noted, the concept of absolute privilege has been in existence in Texas since the Nineteenth Century, such that counsel should have realized through a reasonable inquiry that Defendants could not bring a claim against Plaintiff for libel for statements made in any complaint.

---

[1] Defendants' argument is additionally confusing in that they assert that statements in the Complaint are libelous and form the basis of some kind of extortion claim yet simultaneously concede that an extortion claim is time barred. *Compare* Defs.' Br. at 4 to Defs.' Br. at 1.

*See Runge v. Franklin*, 10 S.W. 721, 724 (Tex. 1889). There is an **absolute** safeguard from libel suits for allegations made in a judicial proceeding no matter whether the statements are irrelevant to the case at hand, false, or even maliciously stated. *Reagan v. Guardian Life Ins. Co.*, 166 S.W.2d 909, 912 (Tex. 1942) ("The falsity of the statement or the malice of the utterer is immaterial . . . ."). Further, even if Defendants' counsel was unaware of this law prior to the filing of the Complaint, Plaintiff's Counsel provided the legal authority to him on May 6, 2008, yet Defendants nevertheless maintained their libel claim. *See* Ex. A to Pls.' Mot. For Sanctions at page 2 of the Brief *citing James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982). While withdrawing their claim would not have absolved Defendants from their misconduct in originally bringing it, it might have made an imposition of alternative sanctions appropriate by avoiding motion practice. *See Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1028 (5th Cir. 1994) (noting that the reasonableness of an award under Rule 11 embraces the inquiry of whether the non-violating party's expenses could have been avoided upon early notice of the violation to the violating party).

      Had Defendants not filed their frivolous claims, Plaintiff would not have expended time and resources preparing and filing a Motion to Dismiss or the associated Motion for Sanctions and communicating with Defendants about their baseless claims. Moreover, the Court finds it particularly egregious that Defendants informed Plaintiff that they intended to dismiss three of their four counterclaims **one day after** the deadline by which Plaintiff had to file their Motion. Surely Defendants knew, or could have reasonably decided, prior to that day that they would withdraw those counterclaims, particularly when Plaintiff raised the issue weeks earlier. Further, despite Plaintiff's Motion being filed and despite Defendants' own representations in a Status Report to this Court, Defendants took no action to actually withdraw their claims when they said they would. It

took an Order from this Court to ultimately cause Plaintiff to correct its frivolity. As has been characteristic of Defendants' counsel throughout these proceedings, this lack of diligence caused the Court to spend valuable time and resources in having to follow-up for Defendants and address claims that are baseless as a matter of law.

## CONCLUSION

For the reasons above, the Court GRANTS the motion for sanctions. Mindful that it should adopt the least severe sanction adequate to rectify the violation, the Court hereby orders Defendants' counsel Mr. Roger H. Foster and the firm of Robert Hinton & Associates, PC to reimburse Plaintiff's attorneys' fees and costs incurred in preparing Plaintiff's Motion to Dismiss and Motion for Sanctions and communicating with Defendants' counsel about Defendants' maintenance of their counterclaims. The sanctions are to be paid by Mr. Foster or the Robert Hinton & Associates, PC firm and should not be passed through or charged to the client in any way. Plaintiff's counsel shall submit an appropriate declaration of their fees and costs to allow the Court to determine the amount to assess no later than twenty (20) days from the date of this Order.

**SO ORDERED.**

Dated: January 5, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE