UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JUANA MELGAREJO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 07-CV-1847-B |
| | § | |
| 24 HOUR PROFESSIONAL JANITORIAL | § | |
| SERVICES, and | § | |
| ROLAND MORRIS MILLER III | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Having considered Defendants 24 Hour Professional Janitorial Services ("24 Hour") and Roland Morris Miller III's ("Miller") (collectively, "Defendants") Motion to Quash Subpoenas (doc #31) and Application for Protective Order (doc #35) and Plaintiff Juana Melgarejo's Response to the Motion to Quash, the Court finds that the Motion and Application lack merit and they are therefore DENIED except that the subpoenas are modified slightly as stated herein. To the extent that Defendants have already interfered with timely compliance, Defendants should take corrective action to remedy that situation and should take no further steps to prevent third parties from complying with the subpoenas issued by Plaintiff.

## BACKGROUND

Plaintiff is suing Defendants for alleged violations of federal statutes 42 U.S.C. §§2000e-2 and 2000e-3 and under state law for assault and battery and intentional infliction of emotional distress. As part of her discovery, on or about December 1, 2008, Plaintiff issued one subpoena to third party American Airlines, Inc. seeking air travel records from August 2003 to November 2005 for Defendant Miller. Ex. A to Defs.' Mot. To Quash Subpoenas. Also on or about December 1,

2008, Plaintiff issued a subpoena seeking identical documents pertaining to Defendant Miller from Southwest Airlines. *Id.* On or about the same day, Plaintiff served a subpoena on American National Bank of Texas seeking "any and all bank records from November 1, 2005 through May 31, 2006 (on paper and/or in electronic format), including but not limited to, all monthly statements, canceled checks (front and back), quarterly or annual statements, deposits, withdrawals, debits, disbursements, and electronic or wire transfer of funds" for Defendant Miller. *Id.*

The third parties subpoenaed have not objected to the subpoenas. However, on December 11, 2008, Defendants moved to quash the subpoenas arguing that the information sought is irrelevant to the issues at hand and the requests are overly broad, harassing, and an invasion of Defendant Miller's privacy. (Doc #31). On December 30, 2008, Defendants filed a Motion for Protective Order essentially reiterating the same arguments made in their Motion to Quash and requesting the same relief--that the subpoenas be quashed. (Doc #35).

## DISCUSSION

Federal Rule of Civil Procedure 26(b) allows discovery of any "matter relevant to the subject matter involved in that action," which includes information "reasonably calculated to lead to the discovery of admissible evidence." However, a party may seek to limit discovery by obtaining a protective order to protect itself from "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of showing good cause why such an order should be entered. *Id.*; *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92 (N.D. Tex. 1994). Good cause should be shown by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In Re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998).

Defendants argue that Defendant Miller should be protected from Plaintiff's subpoenas

seeking airline travel records primarily, because they seek irrelevant information that is not likely to lead to the discovery of admissible evidence. Defendants also assert that the subpoenas are harassing and invade Miller's privacy. Beyond these conclusory statements, Defendants offer no explanation of how Miller's privacy is being invaded or of how a third party producing documents constitutes an undue burden on Defendants. Plaintiff argues that the airline records are relevant because she intends to construct a time line to eliminate days on which she and Miller could have potentially had consensual sex--a factual claim made by Miller, denied by Plaintiff, and discussed at length in Miller's deposition. Plaintiff seeks to eliminate the days on which she and Miller could possibly have had consensual sex by demonstrating when Miller was out of town.

The Court understands the relevance of whether Miller and Plaintiff had consensual sex to the evidence Plaintiff claims to have of the sexual assaults and therefore also understands Plaintiff's attempts to disprove that consensual sex happened.[1] Although the Court may doubt the ultimate success Plaintiff will have in using these airline records, they are at least somewhat relevant. Thus, the Court rejects Defendants' argument that the airline records are irrelevant. Defendants proffer no explanation of what privacy concerns they have in these records, particularly considering that they could seek a protective order to prevent public disclosure if they have valid reasons to support such protection. To the extent that the document requests in the subpoenas are for "any and all travel records," the Court will limit that production to only those documents sufficient to establish the duration of each of Defendant Miller's trips including the airports used and arrival and departure

---

[1] Plaintiff claims to have a sample of Miller's semen, which she indisputably could only have from either consensual sex or a sexual assault. If Plaintiff eliminates consensual sex as a basis for her possession of the sample, the logical conclusion would be that a sexual assault occurred.

times.

With respect to the remaining subpoena to American National Bank of Texas, Defendants primarily argue that because they have offered to stipulate that Miller brought $20,000 to a meeting with Plaintiff in May 2006, the production of his bank records is unwarranted. Plaintiff argues that the bank records are relevant, even with a stipulation, to show whether Defendant Miller was testifying honestly about withdrawing the money. The veracity of Miller's testimony is certainly relevant in a case that could arguably be characterized as "he said/she said," and Plaintiff is entitled to test his statements. Thus, the bank records are relevant and discoverable.

The Court agrees with Defendants though that the subpoena, as originally written, is overly broad and could potentially result in the production of irrelevant documents. However, Plaintiff's counsel has represented to the Court that Plaintiff has narrowed her document request to only three bank statements. Pl.'s Br. In Resp. To Mot. To Quash at 9. Moreover, Plaintiff's counsel has also represented that the third party bank has stated that the records are easy to produce. *Id.* Again, Defendants have not articulated any privacy concern that could not be remedied by a narrowly tailored protective order in which the documents would only be used in this litigation.

For all of the reasons above, the Court DENIES Defendants' Motion to Quash and their Motion for Protective Order except that the subpoenas are modified as discussed herein.

**SO ORDERED.**

Dated: January 6, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE